----------------------------------------------------------------

XCHANGE TELECOM CORP.,

                      Plaintiff,

                                         1:14-CV-54
      v.                                 (GLS/CFH)

SPRINT SPECTRUM L.P.,

                      Defendants.

-------------------------------------------------------------------

**APPEARANCES:**

Herzog Law Firm                           KEITH J. ROLAND, ESQ.
7 Southwoods Blvd.
Albany, New York 12211
Attorneys for Plaintiff

Xchange Telecom Corp.               MORDECHAI GROSS, ESQ.
3611 14th Ave., Ste. 215
Brooklyn, New York 11218
Attorneys for Plaintiff

Armstrong, Teasdale LLP            CHARLES W. STEESE, ESQ.
4636 South Ulster St., Ste. 800       SANDRA POTTER, ESQ.
Denver, Colorado 80237
Attorneys for Defendants

Lippes Mathias Wexler Friedman LLP   LAWRENCE H. SCHAEFER, ESQ.
54 State St., Ste. 1001                   WILLIAM R. HANSEN, ESQ.
Albany, New York 12207
Attorneys for Defendants

**CHRISTIAN F. HUMMEL**
**U.S. Magistrate Judge**

# DECISION AND ORDER

    Presently pending before the Court is plaintiff Xchange Telecom Corp.'s motion

for a partial stay. Dkt. No. 69.[1] Defendants Sprint Spectrum L.P.; Nextel of New York, Inc.; Nextel Partners of Upstate New York, Inc.; and Sprint Communications Company L.P. (collectively, "defendants"), opposed. Dkt. No. 71. Plaintiff filed a reply. Dkt. No. 72. For the following reasons, plaintiff's motion is denied without prejudice.

## I. Background[2]

Plaintiff moves to stay a determination by this Court[3] "whether insertion of an intermediate carrier between a cellular company and a terminating or originating local exchange carrier, affects application of the FCC's intra-MTA rule." Dkt. No. 69-1 at 6. Plaintiff provides that "interpretation of that rule is . . . pending before two separate forums in which large numbers of telecommunications carriers, on both sides of the issue, are involved." Id. Plaintiff opines that, the decision from the Multi District Litigation ("MDL") court "on this legal issue will undoubtedly be binding on all pending and future cases in which this issue is raised, including before this Court." Id. at 7. Plaintiff also states that the MDL court may forward the matter to the FCC for a determination; thus, "the intra-MTA issue in this case will be determined, either in the MDL Court or by the FCC." Id. at 8. Further, plaintiff argues that the doctrine of primary

---

[1] The undersigned considers the motion to stay to be a non-dispositive issue. See Pierre v. Prospect Mortgage, LLC, 1:13-CV-453 (NAM/RFT), 2013 WL 5876151, at 1 n.1 (N.D.N.Y. Oct. 31, 2013) ("Courts within this Circuit have split as to whether a motion to stay is dispositive or non-dispositive. Within the Northern District of New York, the judges have consistently treated motions to stay as nondispostive.").

[2] For a more detailed recitation of the facts underlying this action, reference is made to the parties' submissions on this motion.

[3] Currently, there are no dispositive motions pending before the Court in this action.

2

jurisdiction dictates that the FCC[4] – should the MDL court decline to reach the issue or refer the matter there – should be the venue to determine that issue. Id. at 14. Plaintiff does not seek a stay regarding the other pending issues in this matter, including discovery regarding "the amount at issue in this case (in both claims and counterclaims) related to the intraMTA issue."[5] Id. at 8.

Defendants object, contending that a stay of the "intra MTA rule" issue is premature, "[g]iven that substantive motions are not due until March 4, 2016, there is plenty of time to let the MDL court act before considering a motion to stay." Dkt. No. 71 at 3. In fact, defendants "agree[] that this Court should let the MDL Court issue its decision on the pending motions to dismiss, however, that decision is expected . . . before the substantive motions in this case are due . . ." Id. at 5. "Even if the MDL ruling is delayed beyond the dispositive motion deadline," defendants propose that "the Court would not need to stay the case; it could just extend the remaining schedule and give the parties more time to conduct discovery." Id. at 8. Defendants further note that oral argument in the MDL court was scheduled for September 18, 2015 and "a decision is expected shortly thereafter."[6] Id.

## II. **Legal Standard**

---

[4] Plaintiff does not request that the Court forward this matter to the FCC, as a request for a decision is "already there." Dkt. No. 69-1 at 7, 16 n.9.

[5] Plaintiff provides that, if this Court grants a stay as it requests, "[d]iscovery here will proceed to determine the dollar value of claims (on both sides) which depend on the resolution of the intraMTA issue." Dkt. No. 69-1 at 12.

[6] The Court is unaware if that oral argument took place as scheduled.

3

"The Court has authority to stay proceedings pending disposition of another case that could affect the outcome." Nuccio v. Duve, 13-CV-1556 (MAD/TWD), 2015 WL 1189617, at *5 (N.D.N.Y. Mar. 16, 2015) (citing Goldstein v. Time Warner Cable Grp., 3 F. Supp. 2d 423, 437-38 (S.D.N.Y. 1998). "On a motion to stay, it is the moving party's burden to establish 'a clear case of hardship or inequity in being required to go forward.'" In re HSBC Bank, USA, NA, Debit Card Overdraft Fee Litig., __ F. Supp. 3d ___, 2015 WL 1611966, at *23 (E.D.N.Y. Apr. 9, 2015) (quoting Trikona Advisors Ltd. v. Kai-Ling Chuang, No. 12-CV-3886 (JW), 2013 WL 1182960, at *2 (E.D.N.Y. Mar. 20, 2013); see Clinton v. Jones, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need.") (citation omitted). "Conservation of judicial resources is a 'fundamental goal[ ] of multidistrict litigation practice,' and stays are appropriate when they serve judicial economy." Pierre v. Prospect Mort. LLC, 1:13-CV-453 (NAM/RFT), 2013 WL 5876151, at *4 (N.D.N.Y. Oct. 31, 2013) (quoting Royal Park Inv. SA/NV v. Bank of Am. Corp., 2013 WL 1509854, at *6 (S.D.N.Y. Apr. 12, 2013). Factors this Court considers in determining whether to grant a stay include

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Nuccio, 2015 WL 1189617, at *5 (quoting Finn v. Barney, 08-CV-2975, 2008 WL 5215699, at *2 (S.D.N.Y. Dec. 8, 2008). "In balancing these factors, 'the basic goal is to avoid prejudice' to either party." In re HSBC Bank, 2015 WL 191196, at *23 (citation omitted). "Where it is efficient for a trial court's docket and the fairest course for the

4

parties, a stay may be proper even when the issues in the independent proceeding are not necessarily controlling of the action before the court." In re Literary Works in Elec. Databases Copyright Litig., 2001 WL 204212, at *2 (S.D.N.Y. Mar. 1, 2001) (citing Goldstein, 3 F. Supp. 2d at 439) and Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979) (noting that granting a stay "does not require that the issues in such proceedings are necessarily controlling of the action before the court."), cert. denied, 444 U.S. 827 (1979).

The primary jurisdiction doctrine "is a judicially-created 'prudential doctrine under which courts may, under appropriate circumstances, determine that the initial decisionmaking responsibility should be performed by the relevant agency rather than the courts.'" In re Methyl Tertiary Butyl Ether (MTBE), 2007 WL 700819, at *1 n.5 (quoting Syntek Semiconductor Co. v. Microchip Tech., Inc., 207 F.3d 775, 780 (9th Cir. 2002). It "allows a federal court to refer a matter extending beyond the 'conventional experiences of judges,' or 'falling within the realm of administrative discretion' to an administrative agency with more specialized experience, expertise, and insight.'" Id. at *1 n.7 (quoting National Commc'ns Ass'n, Inc. v. AT&T Co., 46 F.3d 220, 222-23 (2d Cir. 1995).

### III. **Analysis**

In arguing that the factors lean in favor of granting the stay, plaintiff cites, inter alia, Pierre v. Prospect Mort., LLC, 2013 WL 5876151, at *4. In Pierre, this Court granted the defendant's motion for a stay pending a decision on the transfer of the

5

underlying case to a judicial panel on multi district litigation. 2013 WL 5876151, at *1. The Court acknowledged that, although the cases could be individually handled by the district courts, separate discovery for 243 plaintiffs would be "unquestionably burdensome and expensive[,]" and responding to the discovery demands would be "undeniably duplicative." Id. at *3. Similarly, litigating "thirty-seven . . . cases simultaneously would be toilsome and costly," and could result in inconsistent rulings. Id.

Although plaintiff, through its reply, suggests there is no difference between "the application of the Court's five criteria for considering a stay" pending a transfer versus pending a decision in an independent MDL court on a common issue, Dkt. No. 72 at 3, the relevant question is not whether the *application* of the factors differ, rather how each factor balances in favor or against the granting of a stay. Courts within this Circuit frequently stay a case where there is a motion to transfer to a multi district litigation court pending before that court. See,e.g., Krieger v. Merk & Co., Inc., 05-CV-6338L, 2005 WL 2921640, at *2 (Nov. 4, 2005) (noting that the Second Circuit's general rule is to defer a ruling on a pending motion to remand in a multi district litigation matter until after the MDL court transfers the case to the MDL panel) (internal citation omitted). However, unlike in Pierre and similar cases where the parties sought a stay pending a determination whether the case would be transferred to the MDL court, the matter pending in the MDL court will not result in a transfer and does not involve plaintiffs who are currently parties to that litigation. Thus, not present here is the possibility that the MDL court's determination will remove the matter from this Court's jurisdiction.

There are cases within this Circuit where the courts have granted a stay pending the result of a case where an identical issue was pending. In Nuccio, this Court granted the motion to stay the proceedings after assessing that a "similar lawsuit" involving the plaintiff pending in a different district "present[ed] identical issues to those presented in this action[.]" 2015 WL 1189617, at *1-*2, *5. Considering the enumerated factors, the Court noted that the stay would save judicial resources and minimize conflicts between the courts. Id. In Nuccio, the plaintiff argued that he would be prejudiced by a stay, as it would delay resolution of the action and because he would not obtain full relief from resolution of the other action. Id. at *6. The Court, balancing the interests, noted that it was likely that there would be a resolution in the other action – where discovery had been completed and the parties were awaiting a ruling on a dispositive motion – before the plaintiff's case, which was in the pre-answer stage; thus, the plaintiff was unlikely to be prejudiced. Id. The Court notes that, in Nuccio, the plaintiff was a party to both cases.

In In re Literary Works, the Southern District of New York granted a stay of its proceedings – a multi district litigation – to await the outcome of a Second Circuit case that had been granted certiorari by the Supreme Court of the United States. 2001 WL 204212, at *1. The plaintiffs in the Southern District case were not parties to the case before the Supreme Court, but the matter on which the Court granted certiorari was the same as one the of questions pending before the Southern District. The Southern District held that the Supreme Court's review of the related Second Circuit case "is likely to have significant, if not dispositive, impact on the cases here," thus, proceeding

7

with the matter before the Southern District would waste the parties' and court's resources. Id. at *3.

Upon consideration of the appropriate factors for a stay, the Court determines that a stay is not warranted at this time. The first factor, whether the plaintiff would be prejudiced, is not present – plaintiff does not contend it will be prejudiced and is the party requesting the stay. Should the MDL court fail to issue a decision before the March 2016 dispositive motion deadline approaches, plaintiff argues it would be prejudiced because it would need to "brief an extremely complicated legal issue which is already being done by participants in the telecommunications marketplace with great expertise in the area." Dkt. No. 69-1 at 12. Further, plaintiff contends that the MDL court may not issue a decision as quickly as defendants anticipate, there may be an appeal, or the court may refer the matter to the FCC, resulting in delays that may extend past this Court's dispositive motion deadline. Although plaintiff urges that it would be prejudiced should this Court *deny* a stay, assuming the MDL court decision proceeds expeditiously, prejudice is unlikely. Although the Court recognizes that plaintiff may be prejudiced insofar as it may need to brief the matter for this Court should the MDL court not decide the issue soon, it is unknown to the Court whether this stay will be necessary, as the dispositive motion deadline is still several months away, and plaintiff will have the opportunity to renew its motion to stay if the MDL court has not reached a determination at that time.

Assessing the second factor, whether defendants, the nonmoving party, would be prejudiced by the stay, defendants do not contend that they would be prejudiced nor

8

does it appear that such would be the case. If the MDL court proceeds as predicted by defendants, a stay may not significantly delay the issues pending in this Court. To the extent plaintiff requests that, should the MDL court refer the matter to the FCC or should the FCC reach an independent determination on the petition filed in November 2014 (Dkt. No. 69-1 at 7), the Court stay the matter pending a determination before that agency, defendants could indeed be prejudiced. A time line for that ruling, should it happen at all, is entirely uncertain.

As to the final factors – the interests of the courts, persons not parties to this litigation, and the public, Nuccio, 2015 WL 1189167, at *5 – because it is not clear when the MDL court will issue its decision and the extent to which this Court will find its reasoning persuasive or determinative, it cannot be said that a stay will benefit the interests of these parties. Certainly, the Court is in favor of preserving judicial resources; however, this assessment is fairly speculative at this time. It is not at this time known whether the stay will preserve such resources, as the MDL court case may be decided before motions are due in this action. Further, although a ruling from the MDL court may be helpful and persuasive in providing this Court with guidance on the intraMTA issue in this case, as plaintiff is not a party to this case nor is this matter pending within the Northern District, it does not appear that the determination would be "binding," as plaintiff proposes. See generally, LAWRENCE B. SOLUM, 18-134 MOORE'S FEDERAL PRACTICE - CIVIL § 134.02 (1)(d)(noting that "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."). Thus, the Court may

9

still need extensive briefing from the parties. Although, as discussed, the independent case need not be controlling in order for a Court to grant a stay pending the outcome of that proceeding, Leyva, 593 F.2d at 863-64, how controlling that decision may be it is a factor this Court finds relevant to consider in determining whether awaiting the outcome of the MDL court's decision would preserve the parties and this Court's resources. Here, unlike in Nuccio, 2015 WL 1189617, this Court is not awaiting a decision on a transfer to the MDL court, and, unlike in In re Literary Works, 2001 WL 204212, the matter is not being decided by the Supreme Court, the result of which may be far more clearly authoritative than a decision from the MDL court.

Ultimately, as review of many of these factors is, at this stage, speculative, the undersigned does not see it wise to issue a stay at this time. It is unlikely that either party will file dispositive motions too soon before the March 2016 deadline; thus, the parties need not expend resources to begin researching and drafting these dispositive motions at this time. As plaintiff intends to continue with discovery on the intraMTA issue even if this Court were to grant the motion to stay, declining to grant the stay at this time but allowing for a renewal, will not result in a waste of the plaintiff's resources. At this time, plaintiff has not made out "a clear case of hardship or inequity in being required to go forward." In re HSBC Bank, 2015 WL 1611966, at *23.

Insofar as plaintiff sets forth arguments regarding the primary jurisdiction doctrine, the Court need not assess whether the doctrine of primary jurisdiction applies, as such an assessment is premature. The Court does not doubt that the FCC "knows best what its own rule requires, and how that rule should be applied[,]" however, at this

10

time, it is unclear whether that issue will even be decided by the FCC.  Thus, it is not necessary for the Court to assess plaintiff's primary jurisdiction argument at this time.

Accordingly, the Court denies the motion to stay, without prejudice.  Plaintiff is free to renew at some future point its motion to stay, should events warrant.

IV. **Conclusion**

**WHEREFORE,** it is hereby

**ORDERED** that plaintiff's motion to stay a ruling on the issue of whether "insertion of an intermediate carrier between a cellular company and a terminating or originating local exchange carrier, affects application of the FCC's intra-MTA rule[,]" Dkt. No. 69-1 at 6, is **DENIED, without prejudice to renew**; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on the parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: November 6, 2015
      Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge